UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22913-BLOOM/Torres

MARIETTE WATERS,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.
a Foreign Corporation.

    Defendant.

_____/

## ORDER ON MOTION FOR LEAVE TO FILE MOTION IN LIMINE

**THIS CAUSE** is before the Court upon Defendant Celebrity Cruises, Inc.'s ("Defendant") Motion for Leave to File its Motion *in Limine* ("Motion"), ECF No. [82]. Plaintiff Mariette Waters ("Plaintiff") filed a Response, ("Response"), ECF No. [84], to which Defendant filed a Reply ("Reply"), ECF No. [90]. The Court has reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is denied.

**I.    BACKGROUND**

This medical negligence action stems from a blood transfusion Plaintiff received aboard Defendant's vessel whereby Plaintiff alleges she contracted the human immunodeficiency virus (HIV). *See* ECF No. [1] ¶ 4.

On December 4, 2023, Defendant moved to file a late Motion seeking to preclude reference to the U.S. Food and Drug Administration ("FDA") Regulations or its Processes. ECF No. [82] at 1. The deadline to file all pre-trial motions, including motions *in limine,* was November 8, 2023, as set forth in this Court's Amended Scheduling Order. ECF No. [37] at 2. Both parties filed

motions on the deadline. Plaintiff filed a Daubert Motion to Exclude Certain Opinions of Defendant's HIV Expert seeking to preclude testimony that the subject HIV test has approval from any regulatory body. *See generally* ECF No. [53]. Plaintiff also filed her Motion *in Limine* seeking to exclude expert testimony regarding studies and any regulatory approvals as to a rapid HIV test *also* produced by the manufacturer of the subject rapid HIV test, but not used on board the *Apex*. *See* ECF No. [54] at 6-11.

Defendant argues that good cause exists for its late filing based upon Plaintiff's Motions. Prompted by Plaintiff's filing, Defendant discovered case law addressing how other courts consider FDA evidence, its potential effect on jurors, and because the case law may benefit this Court and conserve juridical resources. ECF No. [82] ¶¶ 5, 6. Defendant argues that the utility of this case law is good cause for the extension. *Id*. ¶ 6.

Plaintiff responds that there is no good cause to permit filing the Motion almost one month past the deadline. ECF No. [84] ¶ 3.  Plaintiff asserts that the case law on which Defendant relies is not only irrelevant but decided in 2020 and therefore was available prior to the Court's deadline. *Id*. ¶¶ 1, 5.

II.     **LEGAL STANDARD**

"Except in categories of actions exempted by local rule, the district judge [] must issue a scheduling order" which "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(1), (4). "Such orders 'control the subsequent course of the action'. . . and may be modified only 'upon a showing of good cause.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citation omitted). "A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 Fed. App'x 940, 944 (11th Cir. 2015) (emphasis in original). "Good cause

exists when the deadline could not 'be met despite the diligence of the party seeking the extension.'" *Martinez v. Miami Children's Health Sys., Inc.*, 2022 WL 17830495, *2, Case No. 21-cv-22700 (S.D. Fla. Dec. 21, 2022) (citation omitted).

### III.  DISCUSSION

As stated, Defendant seeks to file its Motion out of time. Prompted by issues raised in Plaintiff's motions, Defendant argues that it discovered case law indicating that "evidence pertaining to the FDA and its clearance process is irrelevant and unfairly prejudicial in products liability cases." ECF No. [82] ¶ 5. Defendant seeks to argue that a recent decision, *Ethicon Physiomesh Flexible Composite Hernia Mesh Prod. Liab. Litig. V. Ethicon, Inc.*, 17-MD-2782-RWS, 2020 WL 9887565 (N.D. Ga. Nov. 25, 2022), applies equally here. Defendant argues that *Ethicon* may assist this Court as it offers a basis on how other courts have considered FDA evidence, the potential effect on jurors, and that deciding this issue at the pre-trial stage will prevent undue delay during trial and conserve judicial resources. *Id*. ¶ 6.

Plaintiff responds that the case law Defendant seeks to introduce is "distinguishable and misleading" and "not on point and irrelevant." ECF No. [84] ¶¶ 1, 5. Additionally, Plaintiff argues as the case relied upon was decided in 2020, it was available to Defendant well before this Court's deadline. *Id*. ¶ 5.  Plaintiff asks the Court to deny the Motion as Defendant lacks good cause for the late filing. *Id*. ¶ 3.

Defendant replies that as Plaintiff did not specifically allege issues on the efficacy of the rapid test in her Complaint and Defendant did not anticipate FDA evidence would be an issue while pre-trial motions were filed. ECF No. [90] ¶ 6. Defendant responds that its Motion is necessary as Plaintiff wishes to introduce an expert report taken on November 8, 2023 — the deadline for pre-trial motions in *limine* and Daubert motions — opining that the subject test lacks

FDA approval and cannot be sold in the United States. *Id*. ¶ 3, 4. Additionally, Defendant responds that Plaintiff filed motions to preclude Defendant from offering its expert opinions that the manufacturer of its subject test produces other FDA approved HIV rapid test kits. *Id*. ¶ 5. Defendant argues that its Motion is now necessary to show that evidence on the FDA and its approval processes are "irrelevant and unfairly prejudicial" and should not be admitted before a jury. *Id*. ¶ 7.

The Court agrees with Plaintiff that good cause has not been shown. That Defendant recently found a case decided in 2020 is not a sufficient basis to permit the out of time motion. Federal Rules of Civil Procedure require district courts to issue scheduling orders. Fed. R. Civ. P. (b)(1). The party seeking an extension must show that the deadline could not be met despite diligence on its part. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b)). Here, an extension for an already expired deadline requires showing both good cause and excusable neglect.

Defendant argues that it did not anticipate FDA evidence would be an issue at the pre-trial stage. The Court is unpersuaded by this argument as Plaintiff alleges in her Complaint the standards Defendant applied for the screening and testing of blood. ECF No. [1] at 5-6, 8, 10-11. For example, in Count I Plaintiff alleges that Defendant: (d.) "deviated from the applicable standard of care to screening and testing of blood," (h.) "[violated] its own policies and procedures relating to screening and testing of donor blood;" and (j) "[failed] to adequately rapid test the donor blood for HIV." *Id*. ¶ 20. In Count II, Plaintiff alleges that Defendant exercised control over: (l.) "[d]etermining and selecting the medications, drugs and supplies to be used in the ship's medical facility;" and (p.) the staff, equipment, and operations "under the industry Guidelines issued by the American College of Emergency Physicians and requiring its medical personnel to practice

medicine and treat patients in accordance with the requirements of said Guidelines." *Id*. ¶ 23. The efficacy of the test is plainly at issue in the Complaint.

Furthermore, Defendant seeks to introduce its own expert testimony that other rapid HIV tests produced by the same manufacturer of the subject rapid HIV test it used have FDA approval. ECF No. [90] ¶ 7. Defendant fails to address how preparation of its expert opinion testimony regarding this FDA approval evidence comports with its argument that it did not anticipate FDA evidence would be an issue at this stage. Accordingly, good cause has not been demonstrated to warrant this late filing.

In sum, the Court finds that Defendant has failed to demonstrate that the original deadline could not be met despite diligence on its part. Moreover, the case law Defendant contends is useful and addresses relevant issues before the Court was available to Defendant to assert well before the Court's deadline.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion for Leave to File, **ECF No. [82], is DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 26, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record